Oldham J. This was an action of assumpsit, instituted in the Circuit Court of Johnson county, by the appellee, against the appellant, At the return term of the writ, the defendant appeared and filed his plea in abatement to the writ, averring ‘‘that the writ was not issued and signed by AugustusM. Ward, who was then, and still is, clerk of the Circuit Court of said county of Johnson, but that said writ was issued and signed by one William G. Freeman, who was not at the date of issuing and signing said writ, nor is he now, clerk or deputy clerk of said .Circuit Court.” The plea was sworn to. The plaintiff, for reasons stated in his motion, moved to treat the plea as a nullity, which, being sustained by the court, the defendant excepted, and appealed to this court. From the record, it does not appear that the defendant had done any act by which his right to plead in abatement was waived. It is objected, howeyer, that the affidavit was not entitled of any term of the court, or of the parties. It is the usual practice, in filing pleas in abatement, to append the affidavit to the plea, and in such case the entitling of the plea is the entitling of the affidavit, and is sufficient to advise the court and the opposite party, and an objection upon that ground is technical beyond reason. The next question is, is the plea frivolous? It is contended for the appellee, that the writ is a part of the record, and, therefore, is conclusive between the parties. The rule as there laid down is true, but it does not reach this case. The counsel for the appellee seem to conceive that no distinction exists between a writ which is valid and part of the record, and a paper void in its inception, which is improperly upon the files of the court, and is not,- and never was, part of the record. When any of the many hypothetical cases suggested by the counsel for the appellees come before this court, we are well satisfied that they can be determined according to the well settled rules of law applicable to them, without violation to the principles by which this case must be governed, and without the disastrous consequences resulting, which seem to be anticipated. The constitution, article 6th, section 14, declares, that “all writs and other process shall run in the name of the ‘State of Arkansas,’ and bear teste, and be signed by, the clerks of the respective courts from which they may issue.” Under this provision, it is essential to the validity of the writ, that it shall be signed by the clerk of the court from which it may issue. This he may do in person, or by a lawfully appointed deputy, or by any other person who shall sign the writ, with his name, in his presence, and under his direction. Although, in point of fact, in the two last cases, the name of the clerk is signed by another, in law it is by himself, according to the maxim quifacit per alium, facit per se. The privilege is not allowed to any and every person, without any authority from the clerk, to issue writs, and affix his seal of office and signature to them, and writs so issued are void; are not part of the record in the cause in which they may be found, because wanting the sanction of the constitution. If a writ so issues, and a party cannot question it, the provision of the constitution is nugatory. We hold, that he may bring the fact to the knowledge of the court, and avail himself of the defect, if done in apt time. This he may do, by pleading the irregularity as matter in abatement. Such a writ or paper is prima facia a part of the record, and the presumption must be repelled at the proper time, or it is conclusive. A party is estopped from denying the facts stated in his own deed, as much so as he is by matters of record; yet he may deny that a paper purporting to have been signed and sealed by him, is his deed. It may have been forged, it may have been extorted by duress or other means, for which it is absolutely void; yet, in a suit against him upon such a bond, he must deny the validity of the bond by plea, otherwise the judgment of the court upon it is conclusive against him. And so in the present case, if the writ issued irregularly, it is matter in abatement, and must be pleaded. We consider the facts set up by the plea, if found to be true, suffi cient to abate the writ, and accordingly reverse the judgment.